[Civ. No. 6019. First Appellate District, Division One.—November 18, 1927.]

MACK HOWARD, as Administrator, etc., Appellant, v. W. H. HOWARD et al., Respondents.

Charles A. Shurtleff and A. L. Wessels for Appellant.

Mannon & Mannon for Respondents.

PARKER, J., *pro tem.*—This is an appeal by plaintiff, as administrator of the estate of Rachel Howard, deceased, from an order of sale made on the eighth day of May, 1925, and entered of record on July 3, 1925, granting a writ of assistance in favor of Lucia C. Hopkins, as administratrix of the estate of Ann Cleveland, deceased, and in favor of Lucia C. Hopkins, in her individual capacity, directing the sheriff of Mendocino County to remove said Mack Howard, as administrator of the estate of Rachel Howard, deceased, and said Mack Howard individually from certain lands and premises, and to put said Lucia C. Hopkins, as administratrix and individually in possession of said lands and premises.

The lands constituting the subject matter of this litigation have been the source of much dispute between the parties. A rather complete and detailed history will be found in the reported case of *Howard* v. *Howard*, 67 Cal. App. 56 [226 Pac. 984]. At the oral argument in the instant case it was stated that the case cited correctly set forth the facts of the present controversy up to the date hereof,

namely, April 30, 1924. A petition for hearing before the supreme court was denied on June 26, 1924. Therefore, no detailed recital of the same facts will be made here. However, some facts may be stated to illustrate the present issue.

The parties involved here for some years were in dispute as to the title to certain tracts of land. For convenience here these tracts of land will be hereinafter referred to as "Cleveland lands" and "Lucy Howard lands." In 1917 Lucia C. Hopkins, as administratrix of the estate of Ann Cleveland, deceased, commenced an action against Mack Howard, as administrator of the estate of Rachel Howard, seeking therein to have her title to the "Cleveland lands" determined. The action was in the usual form of quiet title actions. In that case issue was joined, and on August 20, 1918, judgment was filed and entered in said cause decreeing that the plaintiff therein had no ownership or right or rights whatever in or to said lands or any part thereof, and further adjudging the title to be in defendant as administrator. To retain the identity of this action, it was entitled *Hopkins* v. *Howard,* and involved the "Cleveland lands." Thereafter the plaintiff duly served and filed notice of appeal to the supreme court on November 12, 1918, and on the same day duly filed a request for transcript, and the court duly ordered such transcript to be prepared.

On November 12, 1918, the parties to the Hopkins-Howard suit filed a stipulation, the essential recitals and terms thereof being as follows: Reciting the pendency of the appeal and the fact that there were other lands, for convenience called the "Lucy Howard lands," concerning which there were title defects similar to those involved in the action of *Hopkins* v. *Howard;* stipulating then that defendant in *Hopkins* v. *Howard* should immediately commence and diligently prosecute to final judgment an action to have it determined that the "Lucy Howard lands" belonged to defendant as administrator; further stipulating that plaintiff Hopkins need take no further step in the appeal until after the judgment in the later action shall have become final, extending her time to file transcript or to take any other step necessary on the appeal to and including thirty days after the said final judgment in the action agreed to be commenced—stating "it is the intention hereof that the

said plaintiff and appellant shall have the right, and she is hereby given the right to have the said judgment appealed from reviewed on appeal on the facts and merits in case the final judgment in the contemplated action shall be that the Lucy Howard land is not the property of defendant in his capacity as administrator"; and further stipulating that, should it be finally adjudged that the Lucy Howard land is the property of the estate of defendant as such administrator, then the appeal in *Hopkins* v. *Howard* shall be immediately dismissed and the land in controversy deemed to be in defendant as administrator aforesaid.

Thereafter no further proceedings were had affecting the appeal in *Hopkins* v. *Howard* until disposition of the second suit now to be referred to.

The defendant Howard in the Hopkins-Howard suit did commence an action in the superior court of Mendocino County, which is the action in which was issued the writ of assistance now before us and which will be definitely referred to as *Howard* v. *Howard*. That action was commenced on February 28, 1921. By it plaintiff sought to quiet his title to the Lucy Howard lands and also the Cleveland lands as against the defendants named and also as against the said Lucia C. Hopkins. In other words, in this latter action plaintiff went beyond his stipulation in the Hopkins case to the effect that he would bring an action to quiet title to the Lucy Howard lands and included in this action the Cleveland lands. Issue was joined, and the said issue embraced exactly the same questions and involved the identical properties litigated in the former action of *Hopkins* v. *Howard*. The judgment of the trial court was made and entered on December 12, 1921, and by said judgment it was decreed that plaintiff take nothing and that the defendants were the owners of the lands involved, and that plaintiff be debarred and perpetually enjoined from asserting or making any demand or claim to said real property or any part thereof.

In this case of *Howard* v. *Howard,* the instant case, an appeal was taken as noted and the judgment affirmed (*Howard* v. *Howard,* 67 Cal. App. 56 [226 Pac. 984]. Thereafter on February 7, 1925, by order of the supreme court, on motion of respondent, the appeal in the case of

*Hopkins* v. *Howard,* was dismissed. The chronology of events is as follows:

*Hopkins* v. *Howard,* date of judgment of trial court August 20, 1918;

Stipulation holding appeal in abeyance November 12, 1918;

Appeal dismissed by supreme court January 6, 1925;

*Howard* v. *Howard,* date of judgment of trial court December 12, 1921;

Affirmed by appellate court April 30, 1924;

Appellant's petition to have cause heard by supreme court denied June 26, 1924;

Order for writ of assistance herein, May 8, 1925.

Throughout the foregoing outline we have omitted all reference to the fact that the rights of the parties are as administrators rather than in individual capacities. No particular point is urged in that respect, and, owing to many cases of similarity of names, the record would become quite confusing if continual reference to all of the heirs was being made throughout.

The point urged by appellant, and upon the determination of which the case depends, may be stated thus: The dismissal of the appeal in the Hopkins-Howard case was an affirmance of that judgment, and such affirmance was a final judgment and final as of the date of affirmance, January 6, 1925; that the date of the final judgment in the *Howard* v. *Howard* case was as of the date of affirmance by the district court of appeal April 30, 1924. It being conceded that there is a conflict between said judgments then appellant contends that the *Howard* v. *Howard* judgment, later in time, prevails. It is further contended by appellant that, irrespective of his other contention, a fair conflict of claims was presented in the court below, and in such case a writ of assistance should not issue, but the parties should be left to pursue their remedies in separate actions.

Inasmuch, however, as it is evident that the claim last urged rests wholly upon the first point, a determination on the propriety of the issue of the writ of assistance as a separate question would be of little importance. If we conclude that the appellant is entitled to claim under the Hopkins-Howard judgment, that disposes of all questions.

If we determine otherwise then the next question becomes moot in so far as the record discloses that the rights urged were based solely on the Hopkins judgment and no other claims presented in the court below.

It may be admitted that in the case of *Howard* v. *Howard,* the defendant Lucia C. Hopkins could, had she chosen, have set up the pendency of the appeal in the Hopkins case and demanded an abatement as to such issues as were already in that controversy. The fact is she did not do so but went to trial. Accordingly the case of *Howard* v. *Howard* went to trial and judgment and affirmance without regard to what was determined in the Hopkins case. The record before us and the stipulation entered into regarding the appeal in the Hopkins case show clearly that it was the intent of all of the parties that their rights should be concluded by the *Howard* v. *Howard* final judgment, assuming at the time of the stipulation that the Cleveland lands would not be involved in the subsequent proceedings. By the stipulation, as noted, if it was held that plaintiff prevailed in the second case as he had in the former (there being defendant) then his rights would be conceded; if he lost and the basis of his title was removed, then the appeal should go on, evidently more of a formality than otherwise. Yet it is apparent that the consideration of the stipulation failed or the purpose thereof, rather, removed when plaintiff herein deliberately chose to litigate again the same issues involved in the first case. We think, upon an analysis of this stipulation and from the facts pertaining to the case at that time, it could be well shown that the appellant here is not entitled to be further heard. Surely there are no equities on his side nor does he attempt to present any.

No hard-and-fast definition of "final" judgment applicable to all situations can be given, since its finality depends somewhat upon the purpose for which and the standpoint from which it is being considered, and it may be final for one purpose and not for another. (Freeman on Judgments, 5th ed., sec. 27.) This is so manifest that it would be idle to attempt any exhaustive examination into the different cases in which the word "final" is employed. If we should take the word as used in one instance and attempt to formulate any rigid definition to stand in all

cases, we would find a condition of hopeless confusion and obvious inconsistency. In any event we feel that such an analysis is unnecessary to this discussion. However, it might not be amiss to state that a judgment of affirmance, even if given all of the attributes of finality contended for, is, as it purports to be, a determination that the judgment *appealed from* be affirmed. We think that the question here may be and should be determined from a construction of section 955 of the Code of Civil Procedure. That section reads: "The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal." The section is merely declaratory of what must be obvious. In the case of *Hopkins* v. *Howard* no record on appeal was ever prepared. The trial court, on motion of the defendant in that case, made its order that the proceedings therein pending were terminated, and the supreme court dismissed the appeal for failure of appellant to prosecute the same. Even in the absence of the statute the necessary effect of this dismissal would have been to leave the judgment as though no appeal had been taken, and the judgment of the trial court then stood unassailed. It is manifest that this had the same effect, considered simply as a result, as would have followed had the supreme court disposed of an appeal perfected, heard, and affirmed. The section, as noted, simply announces the effect of the dismissal, but in no sense attempts to enlarge the meaning of the term "dismissal" or declare the same to be in the strict sense a judgment on the merits. Possibly, in the absence of the section, after an appeal had been dismissed the appellant could again appeal and thus prolong the litigation interminably, unless restricted by other provisions of the statute. It was undoubtedly the intent of the law-making body to preclude such a course and give to an order of dismissal the effect of an affirmance, at the same time reserving in the appellate tribunal the power to make express provision that a dismissal might be ordered without prejudice to the right of another appeal. An appeal dismissed because there was nothing to appeal from will not preclude another appeal in the same case when a record shall have been made up from which an appeal can be taken. (*In re Rose*, 80 Cal. 166 [22 Pac. 86].) In

our opinion a dismissal of an appeal by the supreme court or district court of appeal for the reason that the appeal has not been prosecuted as required by statute and the rules governing appeals operate as an affirmance only to the extent of precluding further appeal and leaves the judgment appealed from unimpaired. No court is permitted to pass upon issues not before it for determination; and when the appellate court in its order of dismissal, concludes that there is no question presented to it for hearing, and in effect that the appellate jurisdiction has not been invoked, it would seem difficult to say that this is a solemn judgment, *per se*, determining the questions which the court refuses to consider.

The precise point involved here has never been passed upon directly, as far as our research discloses. The briefs of counsel cite no authority exactly in point. As a case of first impression we would announce the rule as applicable to the case at bar. Where the subject matter of a controversy is fully and fairly determined in the trial court, and this determination affirmed by the supreme court after a hearing on the merits, the subsequent dismissal of an appeal from a former judgment of the trial court conflicting with the later judgment between the same parties and involving the same subject matter will not be deemed an affirmance in the sense of overriding and annulling the latter judgment when the dismissal of the former appeal is based upon a failure to further prosecute the same. The status of the former judgment will be as though no appeal had been taken therefrom.

The order appealed from is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 16, 1927, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 16, 1928.

All the Justices concurred.