Estelle A. GEIER, for the use and benefit of herself and Victoria Geier, Becky Ann Geier and Edde-Jo Geier, Plaintiff and Respondent,

v.

Lester TJADEN and Interstate Transportation Company, a corporation, Defendants and Appellants.

No. 7588.

Supreme Court of North Dakota.

Aug. 10, 1957.

Hyland & Conmy, Bismarck, for defendants and appellants.

Lord & Ulmer, Mandan, for plaintiff and respondent.

BURKE, Judge.

On February 15, 1954, a judgment in the sum of $55,502.03 was entered in the District Court of Burleigh County in favor of the plaintiff and against the defendants in this action. Upon appeal that judgment was affirmed by this court, 74 N.W.2d 361. In ordering a judgment upon the remittitur from this court, the trial judge directed the clerk of court to add to the judgment, together with the costs on appeal, interest at the rate of four percent per annum from the time of the entry of the verdict until the day of entry of the judgment on the remittitur. Judgment was entered as ordered and the defendants have appealed.

As stated in respondent's brief the question on this appeal is, "When a judgment has been appealed and affirmed, and judgment is entered on remittitur, is the Clerk required, under Section 28–2613, NDRC 1943, to compute interest at the rate of four percent per annum on the verdict and add that sum to the costs of the party entitled

to judgment?" Section 28–2613, supra, reads as follows:

"When the judgment is for the recovery of money, interest, from the time of the verdict or report of a referee until judgment finally is entered, must be computed by the clerk and added to the costs of the party entitled thereto."

Section 28–2613, supra, does not mention a rate of interest but the legal rate of interest, where no rate is contracted for, is fixed by Section 47–1405, NDRC 1943 at four percent per annum.

The theory of the respondent, which was followed by the trial judge, is that the original judgment, from which the appeal was taken, is not a final judgment; that the final judgment is the one which is entered, after affirmance by the appellate court, on remittitur and that the verdict therefore, under the provisions of Sections 28–2613 and 47–1405, supra, bears interest at the legal rate of four percent per annum until judgment is finally entered, that is to say: until judgment on the remittitur is entered.

On the other hand the appellant states that the verdict bears interest at the legal rate of four percent per annum from the time of its rendition until judgment thereon is entered and that after judgment has been entered, the judgment bears interest in accordance with the provisions of Section 28–2034, NDRC 1943. This section provides:

"Interest is payable on judgments recovered in the courts of this state at the rate of two percent per annum, and such interest must not be compounded in any manner or form."

■ We think that the respondent is clearly in error in the position she has taken. It is true that a judgment may lack some degree of finality until it has been affirmed on appeal or until the time for appeal has expired, but it lacks finality only in the sense that it remains vulnerable to attack. When this vulnerability has been removed, either by affirmance or by limitation, it becomes completely final, and its finality relates to the date of its original entry. In Forrester v. Pullman Co., 66 Ga.App. 745, 19 S.E.2d 330, 334, the court stated:

"* * * when this court unconditionally affirmed such judgment on the whole case, the effect of such affirmance was to leave the judgment of the superior court in as full force as if it had never been expected to, and if it had not been excepted to there could be no doubt that it would have been a finality to the case. * * *"

In Shepard v. Lanier, 192 Tenn. 608, 241 S.W.2d 587, 590, the court said:

"It seems rather clear to us that since the affirmance of the judgment of the circuit court by the Court of Appeals 'is a mere renewal or continuance of the old judgment' that then when this judgment is affirmed the rights of the parties revert to the entry of the judgment in the circuit court."

To the same effect are Dunton v. McCook, 120 Iowa 444, 94 N.W. 942; Shaw v. Addison, 236 Iowa 720, 18 N.W.2d 796; Klaas v. Continental Southern Lines, Miss., 82 So.2d 705; Howard v. Howard, 87 Cal.App. 20, 261 P. 714.

■ We are therefore of the opinion that, whatever quality of finality a judgment may lack while pending an appeal, upon its affirmance by an appellate court, it becomes completely final as of the date of its original entry and that under the provisions of Section 28–2034, supra, it bears interest from that date at two percent per annum until paid.

The order of the district court allowing interest at four percent per annum from the date of the verdict until the entry of judgment on the remittitur after the affirmance of the original judgment by this court

is therefore reversed, and the case is remanded with directions to amend the judgment entered upon such order accordingly.

GRIMSON, C. J., and JOHNSON, SATHRE, and MORRIS, JJ., concur.