[No. B168790. Second Dist., Div. Six. July 22, 2004.]

GEOFF HASLER, Plaintiff and Respondent, v.
CYNTHIA D. HOWARD, Defendant and Appellant.

COUNSEL

Agapay, Levyn & Halling, Chris W. Halling and Patricia M. Bakst for Defendant and Appellant.

Martin Cohn and Beatriz Pimentel Flores for Plaintiff and Respondent.

OPINION

**GILBERT, P. J.**—Plaintiff lists his house for sale by defendant broker. The listing agreement provides for attorney's fees to the prevailing party in an action regarding broker's compensation. Plaintiff sues his real estate broker for selling his house below its value, but does not request return of the broker's commission.

At a settlement conference, he offers to compromise his claim for the amount of the broker's commission. The case does not settle and plaintiff dismisses his complaint. In the broker's motion for attorney's fees, she offers

plaintiff's settlement statement, not to establish that his complaint lacks merit, but to show the broker's commission was an element of his damages claim.

Here we conclude the trial court properly excluded the settlement statement. We affirm.

## FACTS

Geoff Hasler sued Cynthia D. Howard, a real estate broker, alleging fraud, breach of fiduciary duty and breach of duty to disclose. Hasler alleged in his complaint that he engaged Howard and other brokers to sell his home in the Montecito area of Santa Barbara. The brokers advised him that the maximum selling price he could expect was $3,795,000. A buyer offered $3,795,000. The brokers encouraged Hasler to accept the offer, and he did. The brokers did not disclose that they also represented the buyer. Hasler alleged the property was worth $4.5 million at the time of sale.

Hasler prayed for damages in the amount of the difference between the sales price and the value of the property; for "all damages that will compensate plaintiff"; for punitive damages; and for reasonable attorney's fees and costs.

Hasler voluntarily dismissed his complaint prior to trial. The dismissal was not pursuant to a settlement.

Howard made a motion for attorney's fees as the prevailing party. The motion was based on a provision in the listing agreement that stated: "In any action, proceeding, or arbitration between Seller and Broker regarding the obligation to pay compensation under this Agreement, the prevailing Seller or Broker shall be entitled to reasonable attorney's fees and costs . . . ."

The trial court awarded Howard costs, but denied her motion for attorney's fees. In denying her motion for fees, the court stated that the contractual provision for fees in proceedings "regarding the obligation to pay compensation" did not cover the tort actions alleged here. The court also stated that Hasler did not allege the payment of the broker's commission as damages and did not pray for the return of the commission. The court sustained Hasler's objection to considering statements he made in his settlement conference statement. The court also stated that it did not think admission of the settlement conference statement would make a difference.

Hasler's settlement conference statement discusses the return of the broker's commission as an element of damages. The statement ends with Hasler's offer to consider a return of the broker's commission in a settlement of the case.

## DISCUSSION

## I

Howard contends the trial court erred in excluding Hasler's settlement conference statement.

Evidence Code section 1152, subdivision (a), provides: "Evidence that a person has, in compromise . . . furnished or offered . . . money or any other thing . . . to another who has sustained . . . loss or damage, as well as any conduct or statements made in negotiation thereof, is inadmissible to prove his or her liability for the loss or damage or any part of it."[1]

Section 1154 provides: "Evidence that a person has . . . offered . . . to accept a sum of money or any other thing . . . in satisfaction of a claim, as well as any conduct or statements made in negotiation thereof, is inadmissible to prove the invalidity of the claim or any part of it."

Hasler objected to the admission of his settlement conference statement under section 1152, subdivision (a). Howard claims section 1152 does not apply because here a plaintiff is not seeking to introduce statements made by a defendant to prove liability. Howard also claims section 1154 does not apply because she does not seek to introduce the evidence to prove the invalidity of Hasler's claim. Instead, she merely seeks to show that Hasler's action, in fact, involved her broker's commission.

But Hasler's statements made in the offer to compromise fall within the language of section 1152. Section 1152 prohibits the admission into evidence of an offer of money "or any other thing" made in compromise, as well as statements made in negotiation thereof, for the purpose of proving a person's liability for loss. Although Hasler did not offer money, he offered another thing, to compromise his claim for a lesser amount. Howard seeks to use statements made in negotiation of that compromise to prove the return of her commission was an element of his damages claim. From this she argues she is entitled to attorney's fees. Section 1152, subdivision (a), expressly prohibits the admission of such evidence because it tends to establish liability; in this case, liability for attorney's fees.

Alternatively, the trial court stated that it did not think it would make any difference if the evidence was admitted. Indeed, parties may offer to compromise claims based on factors that have little or nothing to do with the underlying lawsuit. That Hasler's offer to compromise contained statements

---

[1] All statutory references are to the Evidence Code.

about his broker's liability to return her commission, does not mean the underlying lawsuit involved the obligation to pay the broker's compensation. Howard has failed to carry her burden of showing it is reasonably probable she would have received a more favorable result in the absence of the alleged error. (See 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, §§ 409, 461, pp. 438, 484.)

## II

Howard contends the language of the listing agreement's attorney's fees clause is broad enough to cover tort actions.

Howard relies on such cases as *Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338 [5 Cal.Rptr.2d 154]. There the attorney's fees clause in a real estate purchase agreement provided: " '. . . If this agreement gives rise to a lawsuit or other legal proceeding between any of the parties hereto, . . . the prevailing party shall be entitled to recover . . . reasonable attorneys' fees . . . .' " (*Id.* at p. 1340.) The clause was not limited to actions on the contract, but was broad enough to encompass tort actions arising from the agreement. (*Id.* at p. 1343.) We interpreted also similarly broad attorney's fees clauses to reach a similar conclusion. (See *Lerner v. Ward* (1993) 13 Cal.App.4th 155, 158–159 [16 Cal.Rptr.2d 486] [contract providing for an award of fees "[i]n any action or proceeding arising out of this agreement"].)

Had the fee provision here contained such broad language, there is no question that Hasler's action would be within the purview of the contract provision for attorney's fees. Instead of covering any action or lawsuit arising from the listing agreement, the provision here only applies to actions "regarding the obligation to pay compensation" under the listing agreement. As the trial court found, Hasler's action does not involve the obligation to pay the broker's commission.

Howard argues the gravaman of Hasler's complaint is that the brokers were not acting in his best interest because they wanted a quick commission. Even assuming Hasler believed the brokers were motivated by the desire to obtain a quick commission, that does not mean the action is "regarding the obligation to pay compensation." The action does not challenge that obligation.

Howard points out that the complaint requests attorney's fees in its prayer. But the complaint does not allege a contract, or for that matter, any other basis for its request for fees. Neither a general prayer for fees, nor a general prayer for all damages that will compensate plaintiff is sufficient to bring Hasler's action within the attorney's fees provision of the listing agreement.

The order denying an award of fees is affirmed. Costs are awarded to respondent.

Yegan, J., and Perren, J., concurred.