[No. B180106. Second Dist., Div. Six. June 30, 2005.]

GEOFF HASLER, Plaintiff and Respondent, v.
CYNTHIA D. HOWARD, Defendant and Appellant.

---

**COUNSEL**

Halling & Sokol and Chris W. Halling for Defendant and Appellant.

Martin P. Cohn for Plaintiff and Respondent.

---

**OPINION**

**GILBERT, P. J.**—This case is out of gas. The fumes will not move it an inch towards attorney's fees.

In *Hasler v. Howard* (2004) 120 Cal.App.4th 1023 [16 Cal.Rptr.3d 217], we affirmed the denial of an award of attorney's fees to the prevailing defendant on the ground that the attorney's fees clause was not broad enough to encompass the plaintiff's causes of action. Here we hold that plaintiff is not entitled to an award of attorney's fees for prevailing on appeal. *Hsu v. Abbara* (1995) 9 Cal.4th 863 [39 Cal.Rptr.2d 824, 891 P.2d 804], does not authorize an award of fees simply because the opposing party claimed them. We reverse.

### FACTS

Geoff Hasler sued his real estate broker Cynthia D. Howard for fraud, breach of fiduciary duty and breach of the duty to disclose. He alleged the home he listed with Howard was worth $4.5 million, but Howard encouraged

him to accept an offer of $3.7 million. He claims Howard did not disclose that she also represented the buyers.

Hasler prayed for the following: damages and the difference between the sales price and the value of the property; for "all damages that will compensate plaintiff"; for punitive damages; and for reasonable attorney's fees and costs. But he voluntarily dismissed his complaint prior to trial. The dismissal was not pursuant to a settlement.

Howard made a motion for attorney's fees as the prevailing party. She based her motion on a provision in the listing agreement that stated: "In any action, proceeding, or arbitration between Seller and Broker regarding the obligation to pay compensation under this Agreement, the prevailing Seller or Broker shall be entitled to reasonable attorney's fees and costs . . . ."

The trial court awarded Howard costs, but denied her motion for attorney's fees. In denying her motion for fees, the court stated that the contractual provision for fees in proceedings "regarding the obligation to pay compensation" did not cover the tort actions alleged here. The court also stated that Hasler did not allege the payment of the broker's commission as damages and did not pray for the return of the commission.

Howard appealed, and we upheld the trial court's denial of her motion for attorney's fees. (*Hasler v. Howard, supra,* 120 Cal.App.4th at p. 1028.) We agreed with the trial court that the attorney's fees provision is not broad enough to cover Hasler's action, because his action was not " 'regarding the obligation to pay compensation.' " (*Id.* at p. 1027.)

Continuing the cycle after remand, Hasler moved for an award of attorney's fees incurred in successfully responding to Howard's appeal. His theory was that because Howard claimed a right to attorney's fees, he is entitled to fees as a matter of reciprocity under *Hsu.* The trial court granted the motion stating, "Cynthia Howard's claim for attorney's fees was based upon contract. She claimed both at the trial court level and on appeal that she was entitled to an award of fees under the Listing Agreement as a prevailing party. Had she prevailed on appeal, she would have been entitled to fees under the Listing Agreement. Instead, Plaintiff[] successfully defended against the appeal on the grounds that the Listing Agreement's fee provision was inapplicable." The court awarded Hasler $15,441.25.

## DISCUSSION

 Howard contends that attorney's fees may only be awarded pursuant to Civil Code section 1717 for actions on a contract. But Civil Code section

1717 is not the only basis for an award of fees. Attorney's fees may also be awarded as costs under Code of Civil Procedure section 1021, when authorized by contract. (*Lerner v. Ward* (1993) 13 Cal.App.4th 155, 158, 160 [16 Cal.Rptr.2d 486].) The attorney's fees clause in a contract may be broad enough to cover tort as well as contract causes of action. (*Ibid.*; *Hasler v. Howard, supra*, 120 Cal.App.4th at p. 1027.) We affirmed the denial of an award of attorney's fees to Howard, not because Hasler's action sounded in tort, but because the attorney's fees clause was not broad enough to encompass the type of action Hasler brought. (*Hasler v. Howard, supra*, at p. 1027.)

Hasler claims he is entitled to fees because Howard claimed the right to fees in the trial court and on appeal. Hasler relies on *Hsu v. Abbara, supra*, 9 Cal.4th 863.

Hsu brought an action against Abbara alleging breach of a real estate contract. The alleged contract contained a provision for an award of attorney's fees to the prevailing party " '[i]n any action . . . arising out of this agreement . . . .' " (*Hsu v. Abbara, supra*, 9 Cal.4th at p. 866.) The trial court found there was no contract, and refused to award attorney's fees to the prevailing defendant, Abbara. The Court of Appeal affirmed, and our Supreme Court reversed. In reversing, our Supreme Court stated, "It is now settled that a party is entitled to attorney fees under [Civil Code] section 1717 'even when the party prevails on grounds the contract is inapplicable, invalid, unenforceable or nonexistent, if the other party would have been entitled to attorney's fees had it prevailed.' [Citations.]" (*Id.* at p. 870.) The court went on to hold that the trial court has no discretion to deny fees to the party who obtains a " 'simple, unqualified win.' " (*Id.* at p. 876.)

Hasler may have obtained an unqualified victory on appeal. But this is not a case where " 'the other party [Howard] would have been entitled to attorney's fees had it prevailed.' [Citations.]" (*Hsu v. Abbara, supra*, 9 Cal.4th at p. 870.) In fact, Howard did prevail on Hasler's complaint in the trial court, and we held she was not entitled to fees.

A prevailing party is not entitled to fees simply because the opposing party requested them. In *Hsu*, the attorney's fees clause in the alleged contract was sufficient to encompass the cause of action, and Hsu would have been entitled to fees had he prevailed. Here, however, the alleged contract in Hasler's action did not entitle either party to fees, no matter who prevailed.

Just as Howard's victory in the trial court did not entitle her to fees, Hasler's victory on appeal did not entitle him to fees. The cycle ends.

The judgment (order) is reversed. Costs on appeal are awarded to appellant.

Yegan, J., and Perren, J., concurred.