54 Cal.Rptr.3d 225 (2007)
147 Cal.App.4th 424
The PEOPLE ex rel. DEPARTMENT OF CORPORATIONS, Plaintiff,
v.
SPEEDEE OIL CHANGE SYSTEMS, INC., et al., Defendants and Appellants;
Beldoon Corporation, et al., Intervenors and Respondents.
No. B188775.
Court of Appeal of California, Second District, Division Five.
February 1, 2007.
*226 Fitzgerald Abbott & Beardsley, Edward M. Keech and Dawn Newton, Oakland, for Defendants and Appellants.
Terrence A. Beard, Antioch, for Intervenors and Respondents Jon Andersen, Jerry Beezley, M.G. Han, Sam Lau, and Christopher Mack.
Craig J. Bassett, Morgan Hill, for Intervenors and Respondents Beldoon Corporation, Donald Almen, and Belva Almen.
TURNER, P. J.

I. INTRODUCTION
Defendants, SpeeDee Oil Change Systems, Inc., NoCal, Inc., Gary L. Copp, and Kevin M. Bennett, appeal from a January 6, 2006 order awarding attorney fees on appeal to plaintiffs in intervention, Beldoon Corporation, Donald Almen, Belva Almen, Jon Andersen, Jerry Beezley, M.G. Han, Sam Lau, and Christopher Mack (the intervenors). The intervenors argue that they are entitled to fees pursuant to the attorney fees clause in several franchise agreements; all of which contain the same language.[1] The attorney fee clause provides *227 that the party in whose favor the "final judgment" is entered is entitled to recover attorney fees. After a trial, judgment on the complaints in intervention was entered in defendants' favor. Defendants then secured a post judgment attorney fee award which we reversed on appeal at the intervenors' urging. The intervenors then filed their attorney fee motion. The intervenors argued our opinion reversing the attorney fee award in defendants' favor was a "final judgment" within the meaning of the attorney fee clause. An attorney fee award was issued in the intervenors' favor. We conclude, utilizing traditional contract interpretation principles, that although our prior opinion was a judgment, it was not a "final judgment" within the meaning of the attorney fee clause. Therefore, we reverse the attorney fee award at issue.

II. BACKGROUND
This action was commenced on July 29, 1994, by the Department of Corporations on behalf of the People of the State of California. It was brought against a franchisor and others for alleged violations of the Franchise Investment Law, Corporations Code section 31000 et seq. The enforcement action is not before us having been resolved by separate judgment imposing penalties and injunctive relief on September 18,1997.
Numerous franchisees intervened in the action, including the present intervenors. They asserted causes of action for: intentional and negligent misrepresentation; intentional emotional distress infliction; and contract breach among others. On February 29, 2000, a nonsuit order was entered by Retired Judge Joseph R. Kalin in defendants' favor and against the intervenors. Retired Judge Kalin found, among other things, there was no substantial evidence of a contractual relationship between defendants and the intervenors. Judgment was ultimately entered in defendants' favor and against the intervenors by Retired Judge Kalin on July 12, 2000. We affirmed Retired Judge Kalin's judgment entered on his nonsuit order in defendants' favor on appeal on January 28, 2002. (People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc. (2002) 95 Cal.App.4th 709, 728, 116 Cal.Rptr.2d 497 [see nonpub. discussion at typed opn. p. 47].)
Following the entry of the nonsuit, defendants repeatedly and unsuccessfully moved for an attorney fee award against the intervenors. By order entered on September 24, 2002, Judge Ronald M. Sohigian ruled: "[Defendants' motion to fix attorney fees as an item of costs filed July 5, 2002, is] essentially premised on attorneys' fees provisions in the franchise agreements. But such agreements are void." Defendants did not appeal from these adverse decisions. However, following entry of a December 8, 2003 judgment, Judge Sohigian granted defendants' third attorney fee motion. In an unpublished opinion, we reversed that order on appeal. (Andersen v. SpeeDee Oil Change Systems, Inc. (June 22, 2005, B173236, 2005 WL 1460394) [nonpub. opn.].) We held the December 8, 2003 judgment, which was the second one entered against the intervenors on the same claims, was void and had no effect; therefore, defendants' attorney fee motion was untimely. (Id., typed opn. at pp. 2, 8-13.) We ordered in part, "[Intervenors] are to recover their costs on appeal, jointly and severally, from defendants ...." (Id., typed opn. at p. 13.) It bears *228 emphasis we did not hold the attorney fee clause was unenforceable. Rather, we held the attorney fee motion was untimely.
Upon issuance of the remittitur, the intervenors sought an award of attorney fees incurred on appeal pursuant to California Rules of Court,[2] former rule 27, now rule 8.276. In response, defendants filed a motion to strike or tax costs. The intervenors' attorney fees motion was granted. Defendants' motion to tax costs was denied. On January 6, 2006, Mr. Andersen, Mr. Beezley, Mr. Han, Mr. Lau, and Mr. Mack received an award of $65,000 in attorney fees and $3,450.37 in costs. Also on January 6, 2006, $34,008 in attorney fees and $2,643.36 in costs were awarded to Beldoon Corporation and the Almens. Defendants have not raised any issue on appeal with respect to non-attorney fee cost issues.

III. DISCUSSION
It is undisputed the attorney fee clause provides: "`In the event that any action or proceeding is filed by one party against the other party to enforce any of the covenants or conditions hereto, the party in whose favor final judgment shall be entered shall be entitled to recover from the other reasonable attorney's fees, to be fixed by the court in which the judgment is entered." The sole question presented is whether the intervenors were entitled to recover attorney fees incurred in the appeal. This issue arises on undisputed facts. Under these circumstances, we review the legal basis for an attorney fee award de novo. (Connerly v. State Personnel Bd. (2006) 37 Cal.4th 1169, 1175-1176, 39 Cal.Rptr.3d 788, 129 P.3d 1; Whiteside v. Tenet Healthcare Corp. (2002) 101 Cal.App.4th 693, 707, 124 Cal.Rptr.2d 580; Sessions Payroll Management, Inc. v. Noble Construction Co. (2000) 84 Cal. App.4th 671, 677, 101 Cal.Rptr.2d 127; Exxess Electronixx v. Heger Realty Corp. (1998) 64 Cal.App.4th 698, 705, 75 Cal. Rptr.2d 376.) As noted above, the intervenors rely on former rule 27, now rule 8.276, in support of their claimed entitlement to attorney fees. Rule 8.276 provides in pertinent part: "(a) Right to costs [¶] (1)Except as provided in this rule, the party prevailing in the Court of Appeal in a civil case is entitled to costs on appeal. [¶] .... [¶] (c) Recoverable costs [¶] ... [¶] (2)Unless the court orders otherwise, an award of costs neither includes attorney's fees on appeal nor precludes a party from seeking them under rule 3.1702." (Original bold.) Under rule 8.276, our order in the prior appeal was, "[Intervenors] are to recover their costs on appeal, jointly and severally from defendants ..." (Andersen v. SpeeDee Oil Change Systems, Inc., supra, typed opn. at p. 13) Our order did not include an attorney fee award nor preclude the intervenors from seeking such fees. (Rule 8.276(c)(2).) The intervenors must show a legal basis independent of rule 8.276 for recovery of attorney fees. (Santisas v. Goodin (1998) 17 Cal.4th 599, 606, 71 Cal. Rptr.2d 830, 951 P.2d 399; see Wakefield v. Bohlin (2006) 145 Cal.App.4th 963, 973, 52 Cal.Rptr.3d 400.) This is because as a general rule, attorney fees are not recoverable as costs unless they are authorized by statute or agreement. (Serrano v. Unruh (1982) 32 Cal.3d 621, 637, 186 Cal.Rptr. 754, 652 P.2d 985; Reynolds Metals Co. v. Alperson (1979) 25 Cal.3d 124, 127-128, 158 Cal.Rptr. 1, 599 P.2d 83; Code Civ. Proc., §§ 1021, 1032, subd. (b), 1033.5, subd. (a)(10).) A party may seek attorney fees on appeal under a statute or a contract. (Rules 8.276(a), 8.276(c)(2), *229 3.1702(c)(1).) Here, the intervenors rely on a contractual attorney fee provision.
Our analysis begins and ends with the language of the attorney fee clause on which the intervenors rely. (See Scott Co. v. Blount, Inc. (1999) 20 Cal.4th 1103, 1106, 86 Cal.Rptr.2d 614, 979 P.2d 974; Santisas v. Goodin, supra, 17 Cal.4th at pp. 606-608, 71 Cal.Rptr.2d 830, 951 P.2d 399; Hasler v. Howard (2005) 130 Cal.App.4th 1168, 1170-1171, 30 Cal. Rptr.3d 714; Exxess Electronixx v. Heger Realty Corp. (supra) 64 Cal.App.4th at pp. 705, 708-709, 75 Cal.Rptr.2d 376.) Code of Civil Procedure section 1021 provides, "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided." We use traditional contract interpretation principles in assessing the extent of the parties' rights to recover attorney fees. (Santisas v. Goodin, supra, 17 Cal.4th at p. 608, 71 Cal.Rptr.2d 830, 951 P.2d 399 [construing the term `"prevailing part[ies]"' in attorney fee clause]; Royster Construction Co. v. Urban West Communities (1995) 40 Cal.App.4th 1158, 1170, 47 Cal.Rptr.2d 684 [interpreting the term `"costs"' in an attorney fee provision]; Xuereb v. Marcus & Millichap, Inc. (1992) 3 Cal.App.4th 1338, 1344-1345, 5 Cal. Rptr.2d 154 [construing the language the phrases `"lawsuit or other legal proceeding"' to which `"this Agreement gives rise" as including tort claims in a suit brought against a real estate broker].) The Supreme Court has synthesized the applicable contract interpretation principles in the attorney fee clause context thusly: ""Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. (Civ.Code, § 1636.) Such intent is to be inferred, if possible, solely from the written provisions of the contract. (Id., § 1639.) The `clear and explicit' meaning of these provisions, interpreted in their `ordinary and popular sense,' unless `used by the parties in a technical sense or a special meaning is given to them by usage' (id., § 1644), controls judicial interpretation. (Id., § 1638.) Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning. [Citations]." (AIU Ins. Co. v. Superior Court (1990) 51 Cal.3d 807, 821-822 [274 Cal.Rptr. 820, 799 P.2d 1253].)" (Santisas v. Goodin, supra, 17 Cal.4th at pp. 608-609, 71 Cal.Rptr.2d 830, 951 P.2d 399.)
The parties present two contrasting arguments as to the meaning of the term "final judgment" in the attorney fee clause. The intervenors argue that our June 22, 2005 unpublished ruling reversing Judge Sohigian's ruling awarding fees to defendants was a "final judgment" within the meaning of the attorney fee clause. The intervenors contend that having secured a final judgment by reason of our June 22, 2005 unpublished opinion, they are entitled to their costs incurred in that appeal. By contrast, defendants assert that the only final judgment within the meaning of the attorney fee clause was the one signed on July 12, 2000, by Retired Judge Kalin.
There are two parts to the attorney fee clause. The first part is the "any action or proceeding ..." language. We agree with the intervenors this is a broad provision which includes the contractual right to attorney fees incurred on appeal. Defendants do not dispute this analysis. The second part of the attorney fee clause is more limited in scope. The second part of the clause with its "party in whose favor final judgment shall be entered shall be entitled to recover from the other reasonable *230 attorney's fees, to be fixed by the court in which the judgment is entered" language is narrower in its scope. This second portion of the attorney fee clause limits recovery to the party in whose favor a "final judgment" is entered. Defendants contend this latter portion of the attorney fee clause, with its reference to a final judgment and the duty of the court which enters the judgment to fix the fees, controls the outcome of this appeal.
The term "final judgment" has varying definitions. The Supreme Court has explained: "On the contrary, it has long been recognized that `No hard-and-fast definition of "final" judgment applicable to all situations can be given, since its finality depends somewhat upon the purpose for which and the standpoint from which it is being considered, and it may be final for one purpose and not for another. (Freeman on Judgments, 5th ed., sec. 27.) This is so manifest that it would be idle to attempt any exhaustive examination into the different cases in which the word `final' is employed.' (Howard v. Howard (1927) 87 Cal.App. 20, 25 [261 P. 714] italics added.)" (Sullivan v. Delta Air Lines, Inc. (1997) 15 Cal.4th 288, 303-304, 63 Cal. Rptr.2d 74, 935 P.2d 781.) The parties' contentions demonstrate the differing manner in which the language "final judgment" can be construed. As the intervenors argue, our June 22, 2005 unpublished opinion can be construed as a judgment for some purposes. (Rest.2d, § 27, com.(o) [res judicata]; Cal. Const., art. VI, § 2 [requirement of concurrence of four justices in order for the Supreme Court to enter a "judgment'].) By contrast, defendants argue that Retired Judge Kalin entered a final judgment on July 12, 2000 for purposes of triggering the right to attorney fees. (Hsu v. Abbara (1995) 9 Cal.4th 863, 876, 39 Cal.Rptr.2d 824, 891 P.2d 804 ["when a defendant defeats recovery by the plaintiff on the; only contract claim in the action, the defendant is the party prevailing on the contract under section 1717"]; Doudell v. Shoo (1911) 159 Cal. 448, 453, 114 P. 579 ["A judgment is final `when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined'"].)
Reason tells us that the term "final judgment" as used by the parties in the franchise agreements refers to the July 12, 2000 judgment in favor of defendants signed by Retired Judge Kalin. Retired Judge Kalin's July 12, 2000 judgment finally resolved the merits of the intervenors' contract claims. No doubt, Retired Judge Kalin's July 12, 2000 contract findings were subject to appellate review. But once we affirmed Retired Judge Kalin's contract findings and our Supreme Court denied the intervenors' review petitions, it was all overthe judgment was "final" as that term appears in the attorney fee clause. Under* the intervenors' theory, there are a series of "final" judgments including: Retired Judge Kalin's July 12, 2000 judgment; Judge Sohigian's September 24, 2002 attorney fee order; our June 22, 2005 unpublished opinion reversing Judge Sohigian's attorney fee order; and the present January 6, 2006 order granting the intervenors' attorney fee motions. No doubt, as the intervenors assert, there can be a series of judgments in a particular lawsuit. (See 7 Witkin, Cal. Procedure, (4th ed. 1997) Judgment, § 7, pp. 544-545.) But the parties' use of the term "final judgment" in the singular in the attorney fee clause, although not conclusive, is of logical consequence. Final means finalnot successive or repetitive. Based on contractual interpretation principles, we conclude the controlling judgment is the one executed by Retired Judge Kalin on July 12, 2000. Defendants are the *231 only litigants entitled to attorney fees in post final judgment fee litigation.
Since Retired Judge Kalin's July 12, 2000 judgment was in favor of defendants, they are the prevailing parties for purposes of the recovery of attorney fees. Hence, the intervenors were not entitled to their fees incurred in their successful appeal from Judge Sohigian's September 24, 2002 attorney fee order. Thus, the attorney fee awards under review must be reversed. We need not discuss the parties' remaining contentions.

IV. DISPOSITION
The attorney fee awards are reversed. In all other respects, the January 6, 2006, cost awards are affirmed. Defendants, SpeeDee Oil Change Systems, Inc., NoCal, Inc., Gary L. Copp, and Kevin M. Bennett, are to recover their costs incurred on appeal from plaintiffs in intervention, Beldoon Corporation, Donald Almen, Belva Almen, Jon Andersen, Jerry Beezley, M.G. Han, Sam Lau, and Christopher Mack.
I concur: KRIEGLER, J.
MOSK, J., Concurring,
I concur.
Civil Code section 1717, subdivision (a), provides that "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract ... shall be entitled to reasonable attorney's fees in addition to other costs." I agree that the parties did not "specifically provide[]" for fees under these circumstances because of the "final judgment" language in the attorney fees clause.
Witkin states, "There is only one final judgment, the last or ultimate judgment which determines the rights of the parties." (7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 7, p. 544.) The exception is "where separate and independent relief is sought by or against different parties." (Ibid.) This exception does not apply here. There can also be an "interlocutory judgment or order""a provisional determination of some or all issues in the cause." (7 Witkin, supra, § 12 at p. 548.) That situation likewise is not applicable to this matter. Thus, I agree that the attorney fees clause should be interpreted to apply to the one final judgment in this case.
Had the attorney fees clause been interpreted more broadly so as to cover the situation here, there might be an issue whether such a clause would "conflict with the requirements of section 1717." (Leamon v. Krajkiewcz (2003) 107 Cal.App.4th 424, 436, 132 Cal.Rptr.2d 362; see M. Perez Co., Inc. v. Base Camp Condominiums Assn. No. One (2003) 111 Cal.App.4th 456, 470, 3 Cal.Rptr.3d 563 [language supporting the position of intervenors].) To what extent the parties can, in effect, contract in connection with attorney fees to have multiple prevailing parties for different proceedings within an action is an issue we need not reach. (Cf. Santisas v. Goodin (1998) 17 Cal.4th 599, 614-617, 71 Cal. Rptr.2d 830, 951 P.2d 399 ["we must look to section 1717 to determine whether the seller defendants are `part[ies] prevailing on the contract'"]; Presley of Southern California v. Whelan (1983) 146 Cal. App.3d 959, 961-962, 196 Cal.Rptr. 1 [denying plaintiff interim fee award in connection with successful appeal of defense summary judgment that did not dispose of action, and opining that fees on appeal could not be used to offset defendant's fee award if defendant ultimately prevailed]; Bank of Idaho v. Pine Avenue Associates *232 (1982) 137 Cal.App.3d 5, 15-16, 186 Cal. Rptr. 695 [denying plaintiff fee award for successful interim appeal but suggesting that fees on appeal could be used to offset defendant's fee award if defendant ultimately prevailed]; Snyder v. Marcus & Millichap (1996) 46 Cal.App.4th 1099, 1103-1104, 54 Cal.Rptr.2d 268 [party that prevailed on partial appeal, thereby reducing amount of judgment, not the prevailing party in lawsuit and therefore not entitled to fees or offset for fees for prior appeal].)
NOTES
[1] Technically, there are six different attorney fee clauses in the franchise agreements separately executed by the intervenors. But the language in the attorney fee clauses is word for word the same. For purposes of clarity, we will refer to the attorney fee clauses in the singular; viz., attorney fee clause.
[2] All further references to a rule are to the California Rules of Court.