Filed 10/23/13  Santa Fe Pacific Pipelines v. Union Pacific CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| SANTA FE PACIFIC PIPELINES, INC., et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> UNION PACIFIC RAILROAD COMPANY, <br><br> Defendant and Respondent. | B244361 <br><br> (Los Angeles County Super. Ct. No. BS136153) |

APPEAL from a judgment of the Superior Court of Los Angeles County, James R. Dunn, Judge.  Reversed.

Mayer Brown, Donald Falk, Neil M. Soltman and Michael F. Kerr for Plaintiffs and Appellants.

McKenna Long & Aldridge, Thomas F. Winfield III and Michael H. Wallenstein for Defendant and Respondent.

\* \* \* \* \* \*

"It is now settled that a party is entitled to attorney fees under [Civil Code] section 1717 'even when the party prevails on grounds the contract is inapplicable, invalid, unenforceable or nonexistent, if the other party would have been entitled to attorney's fees had it prevailed.'" (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 870.) But what happens when neither party would be entitled to contractual attorney fees because the contractual fee provision does not include the disputed matter? Following *Hasler v. Howard* (2005) 130 Cal.App.4th 1168, 1169, we hold that a dispute which falls outside the ambit of an attorney fee provision cannot support a fee award for the prevailing party, even if the losing party mischaracterized the nature of the dispute and requested fees. We reverse the trial court's order awarding attorney fees.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellants are Santa Fe Pacific Pipelines, Inc.; SFPP, L.P. Kinder Morgan Operating L.P. "D"; and Kinder Morgan G.P., Inc. (collectively the pipeline), and they operate a petroleum pipeline. Respondent is Union Pacific Railroad Company (the railroad), and it operates a railroad and rents easements to the pipeline. Prior to the litigation in this case, the parties or their predecessors litigated other claims and reached a settlement agreement entered into in April 1994 and an amended and restated easement agreement (AREA) entered into in July 1994.

The litigation relevant to this case began in 2004, when the railroad sought a determination of the amount of rent owed by the pipeline for the use of the railroad's easements. The parties agreed the case would be determined by a temporary judge and stipulated that the Honorable Eli Chernow "shall determine the annual rent as of January 1, 2004" and all posttrial motions relating to the judgment. After the temporary judge issued a tentative opinion in favor of the railroad, the railroad sought interest on the difference between the amount of rent owed by the pipeline as determined by the temporary judge and the amount the pipeline paid.

The pipeline challenged the temporary judge's jurisdiction to award interest and filed a petition to compel arbitration, arguing that the interest determination should be made by arbitrators instead of the temporary judge. The pipeline described the dispute it

2

claimed was arbitrable as follows: railroad "is not entitled to recover interest in connection with a rent-setting procedure conducted under an April 8, 1994, settlement agreement, as amended" between the parties or their predecessors. The pipeline sought its attorney fees in connection with the motion to compel arbitration. The trial court denied the pipeline's petition to compel arbitration and awarded fees to the railroad, reasoning that the pipeline would have been entitled to fees had it prevailed on the motion.

We previously affirmed the order denying the motion to compel arbitration. (*Santa Fe Pacific Pipelines, Inc. v. Union Pacific Railroad Co*. (June 19, 2013, B240842) [nonpub. opn].) As noted, the issue in this appeal concerns the entitlement to attorney fees based on contractual attorney fee provisions. Both the parties' settlement agreement and their AREA contain attorney fee provisions. To resolve the current appeal, it is necessary to quote the lengthy provisions.

The parties' settlement agreement contains the following arbitration and fee provision: "Any controversy or claim arising out of or relating to this Agreement, or the breach thereof (except (1) as otherwise set forth herein and (2) any controversy or claim (a) arising out of or in relation to termination or cancellation pursuant to Section 8(g) or (b) in the event of termination or cancellation pursuant to Section 8(g) any matter relating to the First, Second, Third, Fourth or Fifth Causes of Action of the Complaint or any matter addressed in Section 8 of this Agreement) shall be resolved by binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules. The arbitrators shall award to the prevailing party, if any, as determined by the arbitrators, all of its reasonable costs and attorneys fees. Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The parties may agree upon a different form of arbitration under different rules."

The exception described in section 8(b) provides: "Beginning January 1, 1994, and every ten (10) years thereafter, SPT [railroad] may seek an increase of rent to fair market value. . . . If the parties hereto are unable to agree on the amount of the rent

3

increase, if any, for any such ten (10) year period" the parties shall stipulate to a judicial reference proceeding "to establish the amount of the rent increase in accordance with the fair market value of the easement. . . . The judicial reference proceeding shall be conducted pursuant to the California Code of Civil Procedure and the California Evidence Code and shall include the right to reasonable discovery and the right to appeal. The rent increase, if any, will be retroactive to and effective on the commencement date of the ten (10) year period. *Each party shall bear its own fees and expenses in connection with the judicial reference proceeding.*" (Italics added.)

The AREA contains the following attorney fee provision: "In case Railroad or Company shall bring suit to compel performance or to recover for breach of any covenant or condition herein contained, the prevailing party shall be entitled to recover from the other party reasonable attorneys' fees and expenses in addition to the amount of judgment and costs, except as set forth in Section 2 above." Section 2 sets forth the same method for determining rent every 10 years as that described in the settlement agreement. Section 2 provides: "*Each party shall bear its own fees and expenses in connection with the judicial reference proceeding.*" (Italics added.)

Although both agreements refer to the judicial reference proceeding, it is undisputed that attorney fees are not permitted for disputes "in connection" with the rent determination proceeding in this case even though the determination was made by a temporary judge instead of in a judicial reference. For purposes of this appeal it is also undisputed that the interest determination was "in connection" with the rent determination proceeding. In contrast to its argument in the current appeal, in its petition to compel arbitration the pipeline argued that interest was separate from the rent dispute.

**DISCUSSION**

Code of Civil Procedure section 1021 provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ." It follows, and the parties agree, that their contractual attorney fee provisions in the settlement agreement and the AREA govern this attorney fee dispute. The railroad

4

concedes that "[b]oth the Settlement Agreement and the AREA have attorney fees provisions, but they apply to all disputes *except* those in connection with the rent determination proceeding."  Notwithstanding the clear exception, the railroad argues that it is entitled to attorney fees because the pipeline previously argued the interest determination was separate from the rent proceeding.

The railroad's argument that it is entitled to fees for matters outside the ambit of the attorney fee provision because the pipeline previously mischaracterized the nature of the dispute (i.e. interest was separate from the rent proceeding) lacks merit.  In *Hasler v. Howard* (2004) 120 Cal.App.4th 1023, the plaintiff sued his real estate broker alleging causes of action for fraud, breach of fiduciary duty, and breach of the duty to disclose. (*Id*. at p. 1025.)  The listing agreement provided attorney fees "to the prevailing party in an action regarding broker's compensation." (*Id*. at p. 1024.)  The *Hasler* court held that because the plaintiff's lawsuit did not concern the obligation to pay compensation, the defendant was not entitled to attorney fees even though the plaintiff requested such fees in his complaint. (*Id*. at p. 1027.)  The *Hasler* court revisited the issue when the plaintiff sought fees for the successful appeal and reaffirmed that "[a] prevailing party is not entitled to fees simply because the opposing party requested them." (*Hasler v. Howard*, *supra*, 130 Cal.App.4th at p. 1171.)  Fees were warranted only if under the terms of the parties' contract, either the prevailing or the losing party would have been entitled to fees had that party prevailed. (*Ibid*.)  The contractual provision in *Hasler* did not entitle either party to fees because its language was not broad enough to cover the parties' dispute. (*Ibid*.)

Similarly here, both the settlement agreement and the AREA excluded fees to the prevailing party for matters "in connection" with the rent determination proceeding.  The interest dispute was "in connection" with the rent determination proceeding because interest was based on the judgment awarded in the rent determination trial and was inextricably intertwined with that judgment. (See *Maynard v. BTI Group, Inc* (2013) 216 Cal.App.4th 984, 994 [explaining that claims in connection with a contract claim include both contract claim and other related claims]; see also *Cruz v. Ayromloo* (2007) 155

Cal.App.4th 1270, 1277 [finding that the phrase "in connection" was broad and covered both contract and tort causes of action].)  Because the interest dispute was "in connection" with the rent proceeding as that phrase is used both in the settlement agreement and AREA, each party was required to bear its own fees with respect to the interest dispute including fees for the petition to compel arbitration.  The railroad therefore was not entitled to its attorney fees.[1]  The fact that the pipeline previously mischaracterized the dispute (by arguing that the interest determination was separate from the rent determination) and requested fees does not change the terms of the parties' agreement.  (*Hasler v. Howard, supra*, 130 Cal.App.4th at p. 1171.)  Because we conclude the railroad was not entitled to fees, we need not consider the parties' remaining arguments.

---

[1]     None of the authority cited by the railroad contains contractual language similar to that in the settlement agreement or AREA and therefore the authority is not helpful.  For example, in *Acosta v. Kerrigan* (2007) 150 Cal.App.4th 1124, the parties had an express agreement requiring an attorney fee award if any party attempted to institute a legal dispute in a forum other than arbitration.  (*Id*. at p. 1126.)  Under this provision, fees were properly awarded to the party who successfully compelled arbitration.  (*Id*. at p. 1131.)  Obviously a provision requiring an award of attorney fees is different from a provision requiring each party to bear its own fees.

The broad provision in *Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796 provided: "'the prevailing Party in any proceeding (including appeals)' to recover from the losing party 'reasonable attorneys' fees'. . . .'" (*Id*. at p. 806.)  In contrast to the language covering "any proceeding" here proceedings in connection with the rent determination proceeding were exempted from the attorney fee provision. *Benjamin, Weill & Mazer v. Kors* (2011) 195 Cal.App.4th 40, 73 is similarly inapposite to this case because it involved a contractual provision requiring  that "'[t]he prevailing party in any arbitration or litigation pertaining to [any fee] dispute may recover the full value of attorney's fees incurred in any dispute over enforcement of this agreement, even if any party hereto represents itself.'"  Here, the settlement agreement did not allow for attorney fees in any dispute over its enforcement, but instead exempted disputes in connection with the rent-setting procedure.

## DISPOSITION

The order awarding attorney fees is reversed.  Appellants are entitled to their costs on appeal.

FLIER, J.

WE CONCUR:

BIGELOW, P. J.

RUBIN, J.