/Filed 6/9/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JAMES C. HILL et al., | H038874 |
| Plaintiffs and Appellants, | (Santa Clara County Super. Ct. No. 1-07-CV087095) |
| v. | |
| DIDIER DEGERY et al., | |
| Defendants and Respondents. | |

Plaintiffs James C. Hill and Dawn L. Hill as trustees under a revocable trust dated February 17, 1977 (the Hills) appeal from a postjudgment order awarding contractual attorney fees to Affirmed Housing Group (Affirmed) under Civil Code section 1717. We find no abuse of discretion and affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the underlying suit, the Hills sued San Jose Family Housing Partners, LLC (LLC) and Affirmed, a managing member of LLC, for alleged violations of a written easement agreement.[1] LLC and Affirmed (collectively defendants) were jointly represented by the law firm of Incorvaia & Associates at a bench trial on the Hills' claims. In their joint trial brief, defendants argued that, under Corporations Code section 17101, Affirmed could not be liable for LLC's actions solely because of its status as a member of LLC. Defendants also jointly argued that the easement could not lawfully be enforced and, in any event, they had not violated the easement.

---

[1] The Hills also sued a third defendant, Didier DeGery, who was dismissed before trial and is not a party to this appeal.

The trial court ruled that Affirmed was immune from suit under Corporations Code section 17101, noting that the Hills had presented no evidence to show that Affirmed engaged in any conduct outside of its capacity as a member of LLC. As to LLC, the court rejected the illegality defense and concluded LCC had violated the easement agreement. Following entry of judgment in its favor, Affirmed moved to recover attorney fees and costs pursuant to Civil Code section 1717. The trial court denied that motion on two independent grounds: (1) Affirmed was not a prevailing party on the underlying contract; and (2) Affirmed was barred from recovery based on the principle of unity of interest.

On appeal, we reversed the order denying Affirmed's motion for attorney fees, reasoning that (1) Affirmed was the prevailing party vis-à-vis the Hills; (2) the unity of interest principle does not apply to Civil Code section 1717; and (3) even if the unity of interest principle were applicable, it would not bar Affirmed's claim for attorney fees because "Affirmed prevailed at trial on an *entirely separate* defense from those raised by LLC"--its statutory immunity. (*Hill v. Affirmed Housing Group* (Mar. 12, 2012, H035541) [nonpub. opn.].) In a footnote, we noted: "the record does not disclose whether or not Affirmed moved for summary judgment on its affirmative defense of statutory immunity. Since the Hills presented no evidence at trial to overcome that defense, we presume Affirmed would have prevailed on such a motion, thus avoiding the (likely substantial) attorney fees generated both in preparing for trial and in the course of the trial itself." (*Ibid.*) We remanded the matter to the trial court "for a determination of the amount of reasonable attorney fees to be awarded to Affirmed." (*Ibid.*) We also ruled that "Affirmed shall recover its costs on appeal." (*Ibid.*)

On remand, Affirmed filed a renewed motion for an award of attorney fees and costs. It sought $299,401.61 in contractual attorney fees and costs incurred in the trial court and $27,665.12 in attorney fees and costs incurred on the initial appeal. The trial

2

court awarded Affirmed the full amount of fees it requested, finding the hours billed and billing rates to be reasonable. The Hills timely appealed.

## II. DISCUSSION

### A. *Governing Legal Principles and Standard of Review*

Civil Code section 1717, subdivision (a) provides that where attorney fees are authorized by contract, "the prevailing party . . . shall be entitled to reasonable attorney's fees," which "shall be fixed by the court." "The trial court has broad discretion to determine the amount of a reasonable fee, and the award of such fees is governed by equitable principles." (*EnPalm, LCC v. Teitler* (2008) 162 Cal.App.4th 770, 774 (*EnPalm*).) In fixing a reasonable fee, the court first computes "the lodestar figure--a calculation based on the number of hours reasonably expended multiplied by the lawyer's hourly rate." (*Ibid.*) Second, the court may adjust the lodestar to ensure that the fee awarded is reasonable in view of various factors, including "the nature and difficulty of the litigation, the amount of money involved, the skill required and employed to handle the case, the attention given, the success or failure, . . . 'necessity for and the nature of the litigation,' " as well as other circumstances of the case. (*Ibid.*)

"We will reverse a fee award only if there has been a manifest abuse of discretion." (*EnPalm, supra*, 162 Cal.App.4th at p. 774.) The Hills bear the burden of affirmatively establishing that the trial court abused its discretion. (*Ritter & Ritter, Inc. Pension & Profit Plan v. The Churchill Condominium Assn.* (2008) 166 Cal.App.4th 103, 128.) On matters as to which the record is silent, we indulge all intendments and presumptions to support the trial court's order. (*Ibid.*)

### B. *Contentions on Appeal*

With respect to the lodestar figure the trial court employed in awarding attorney fees to Affirmed, the Hills argue that the number of hours should have been reduced to eliminate hours the joint counsel billed on behalf of LLC. In other words, the Hills contend that the trial court erred by not apportioning between fees incurred by Affirmed

3

and those incurred by LLC. The Hills further contend that the trial court erred by not reducing the lodestar figure, which they contend was unreasonably high because (1) Affirmed rode LLC's "coattails" in defending the case, (2) any award of attorney fees will result in a windfall to LLC because Affirmed is a managing member of LLC, and (3) Affirmed failed to mitigate its attorney fees. The Hills also argue that the trial court abused its discretion by granting Affirmed attorney fees in connection with its first successful appeal.

### C. *The Trial Court Did Not Err By Failing to Apportion the Fees*

The Hills contend that the trial court erred by awarding Affirmed all of the fees incurred by both defendants in their joint defense. The court's failure to apportion between fees incurred by Affirmed and those incurred by LLC was an abuse of discretion, the Hills maintain. Affirmed responds that apportionment was not possible, let alone required, because all of LLC's defenses applied to, and were raised jointly by, Affirmed. Accordingly, urges Affirmed, all of the time spent defending LLC necessarily also was spent defending Affirmed.

A prevailing defendant "may recover only reasonable attorney fees incurred in [its] defense of the action by [the plaintiff]." (*Zintel Holdings*, *LLC v. McLean* (2012) 209 Cal.App.4th 431, 443.) "To the extent [a prevailing defendant's] shared counsel engaged in litigation activity on behalf of [a codefendant] for which fees are not recoverable, the [trial] court has broad discretion to apportion fees." (*Ibid*.) " 'A court may apportion fees even where the issues are connected, related or intertwined.' " (*Ibid*.) And, " 'although time-keeping and billing procedures may make a requested segregation difficult, they do not, without more, make it impossible.' " (*Heppler v. J.M. Peters Co.* (1999) 73 Cal.App.4th 1265, 1297.) "Allocation of fees incurred in representing multiple parties is not required," however, when the claims at issue are " ' " 'inextricably intertwined,' " ' " such that it is not possible to differentiate between compensable and noncompensable time. (*Cruz v. Ayromloo* (2007) 155 Cal.App.4th 1270, 1277 (*Cruz*).)

4

The Hills do not dispute that Affirmed is entitled to recover fees for the time counsel billed in connection with Affirmed's successful statutory immunity defense. Their complaint relates to the time spent asserting the defendants' two joint defenses. The Hills maintain that all of the fees related to the joint defenses should be allocated to LLC because those defenses were raised by LLC, and Affirmed did not incur "separate and distinct attorney's fees" in connection with those defenses. But that contention simply proves that apportionment was not required because the defenses asserted by LLC and Affirmed were "so interrelated that it would have been impossible to separate them into [time units billed on behalf of Affirmed] for which attorney fees are properly awarded and [time units billed on behalf of LLC] for which they are not." (*Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1133.)

We agree with Affirmed that this case is analogous to *Cruz*, *supra*, 155 Cal.App.4th 1270, in which the court held that apportionment of fees incurred by the jointly-represented plaintiffs was impracticable because their claims were inextricably intertwined. In *Cruz*, "[a]ll [the plaintiffs] asserted the same causes of action. The[ir] attorneys conducted legal research pertaining to the overarching legal issues common to all [plaintiffs] . . . [and] had to do the same legal research and analysis in preparing their case on behalf of [plaintiffs], irrespective of the number of potential [plaintiffs] benefiting from the legal work performed." (*Id.* at p. 1278.) Likewise, here, both LLC and Affirmed asserted the joint defenses, and their counsel would have been required to do the same legal research and analysis in preparing those defenses regardless of whether they applied to both defendants or to Affirmed only. "[T]he fact [that LLC] incidentally benefited from the legal work performed on behalf of [Affirmed] does not diminish [Affirmed's] contractual right to recover attorney fees litigating issues common to" both defendants. (*Ibid.*)

5

### D. *The Trial Court Did Not Abuse its Discretion by Refusing to Decrease the Lodestar Amount*

In support of their contention that the trial court should have reduced the lodestar amount (or denied Affirmed attorney fees entirely), the Hills advance three arguments: (1) the "coattails" argument, (2) the "windfall" argument, and (3) the mitigation argument. None has merit.

As we understand it, the coattails argument is that an award of fees to Affirmed will unfairly compensate it for work done primarily on behalf of LLC. That same concern underlies the apportionment issue and is addressed adequately, in that context, above. The coattails argument also appears to be premised on the contention that Affirmed--despite being a prevailing party on the Hills' contract claim against it--is not entitled to attorney fees because its codefendant, LLC, was not also a prevailing party. We addressed and rejected that theory in our prior opinion in connection with the Hills' unity of interest argument.

Like the coattails argument, the Hills' windfall argument essentially rehashes the unity of interest argument (i.e., because LLC lost Affirmed should not get fees), and fails for that reason. Moreover, the Hills merely speculate that an award of fees to Affirmed will end up in LLC's pockets. The trial court's apparent refusal to credit that hypothesis does not constitute an abuse of discretion.

The Hills' claim that Affirmed should have mitigated their attorney fees by moving for summary judgment on statutory immunity grounds is based entirely on a footnote in our earlier, unpublished decision. The Hills fail to cite a single case reducing an award of attorney fees for failure to mitigate. Accordingly, we consider the argument to have been abandoned. (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1117 ["the failure of appellant to advance any pertinent or intelligible legal argument . . . constitute[s] an abandonment of the appeal"].)

Even if we were to consider the abandoned mitigation argument, it would not carry the day. We recognize that "a trial court has discretion to reduce a prevailing party's contractual attorney fees to the extent they were unnecessary." (*EnPalm*, *supra*, 162 Cal.App.4th at p. 775.) While we previously suggested that Affirmed might have avoided trial-related fees by moving for summary judgment, Affirmed notes that it did move for nonsuit on statutory immunity grounds after the close of the Hills' evidence at trial, and that the trial court denied that motion. As Affirmed maintains, its unsuccessful motion for nonsuit suggests that a summary judgment motion may have been denied. In any event, the trial judge " 'is the best judge of the value of professional services rendered in' " this case. (*Serrano v. Priest* (1977) 20 Cal.3d 25, 49.) In view of the trial court's refusal to reduce the fee award, we presume the court concluded the trial-related fees Affirmed incurred were reasonably necessary. We cannot say that conclusion "was clearly wrong," and accordingly do not disturb the fee award. (*11382 Beach Partnership v. Libaw* (1999) 70 Cal.App.4th 212, 220.)

### E. *The Trial Court Did Not Abuse its Discretion by Awarding Affirmed Attorney Fees on Appeal*

Finally, the Hills urge that the trial court's award to Affirmed of attorney fees incurred in its first successful appeal constituted an abuse of discretion. The Hills fail to establish any error.

As both parties acknowledge, our prior opinion neither included an award of attorney fees on appeal, nor precluded Affirmed from seeking them under rule 3.1702 of the California Rules of Court, as it did on remand. (See Cal. Rules of Court, rule 8.278(d)(2) ["Unless the court orders otherwise, an award of costs neither includes attorney's fees on appeal nor precludes a party from seeking them under rule 3.1702."].) And a party is entitled to seek attorney fees on appeal pursuant to a contract. (See *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (2007) 147 Cal.App.4th 424, 429; Cal. Rules of Court, rule 3.1702(c)(1).) Therefore, Affirmed was

permitted to seek, and the trial court to award, reasonable attorney fees related to the appeal.

But, say the Hills, the fees awarded were not reasonable. First, they claim that the fee award was unreasonably high because Affirmed could have mitigated the fees it incurred on appeal by filing a motion for summary judgment prior to trial. It is not apparent to us how such a motion would have impacted the fees incurred in connection with the prior appeal. At issue in the first appeal was the threshold question whether Affirmed was entitled to fees under Civil Code section 1717. Presumably, that issue would have arisen on appeal regardless of *when* the trial court entered judgment in Affirmed's favor.

Second, the Hills assert, without explanation, that the award "was excessive and that the declaration of counsel submitted in support thereof was insufficient to substantiate the fees and costs as claimed." Because the Hills provide no factual or legal support for those assertions, we deem them abandoned. (*Berger v. Godden*, *supra*, 163 Cal.App.3d at p. 1117; see also *Gunn v. Mariners Church, Inc.* (2008) 167 Cal.App.4th 206, 218 [argument on appeal deemed forfeited by failure to present relevant factual analysis and legal authority].)

## III. DISPOSITION

The order awarding attorney fees is affirmed. Affirmed Housing Group shall recover its costs on appeal.

Premo, J.

WE CONCUR:

Rushing, P.J.

Elia, J.

8

| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. 1-07-CV087095 |
|---|---|
| Trial Judge: | Hon. James P. Kleinberg |
| Counsel for Plaintiffs/Appellants:<br>James C. Hill and Dawn L. Hills,<br>Ad-Way Signs, Inc. | Paul J. Derania<br>Scott S. Furstman |
| Counsel for Defendants/Respondents:<br>Affirmed Housing Group | Incorvaia & Associates<br>Joel L. Incorvaia<br>G. Ehrich Lenz |

Hill et al. v. Degery et al.
H038874