Filed 5/13/15  Ivanoff v. Bank of America CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MARINA IVANOFF, | B256462 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC514572) |
| v. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Ernest Hiroshige, Judge.  Affirmed.

Marina Ivanoff, in pro. per., for Plaintiff and Appellant.

Bryan Cave, Christopher L. Dueringer, Alfred Shaumyan for Defendants and Respondents.

_____

Plaintiff Marina Ivanoff sued defendants and respondents Bank of America, N.A., successor to BAC Home Loans Servicing LP and Countrywide Bank, FSB (collectively, Bank of America), ReconTrust Company, N.A., and Mortgage Electronic Registration Systems, Inc., contending that defendants agreed to modify her home loan and then improperly changed the terms of the agreement.

The trial court sustained a demurrer to Ivanoff's first amended complaint without leave to amend. Treating the trial court's order as incorporating a judgment of dismissal, we affirm.

## BACKGROUND

Ivanoff filed her original complaint in July 2013, asserting purported claims for breach of contract, temporary restraining order and preliminary injunction, violation of Business and Professions Code section 17200 et seq., specific performance, and equitable rescission.

Ivanoff alleged that she is the owner of a property in Los Angeles. When she refinanced the loan on the property in around 2006, undisclosed penalties and fees were added, causing her loan to become unaffordable and leading to her default. Ivanoff sought a modification of her loan and, according to her complaint, defendant Bank of America agreed to modify the loan. Defendants breached the modification agreement, however, by requiring a monthly "escrow option insurance" payment.

Defendants filed a demurrer to the complaint, raising numerous arguments as to why each of Ivanoff's claims failed. In opposing the demurrer, Ivanoff failed to address most of these arguments. The trial court sustained the demurrer, finding, among other things: "Plaintiff has not attached a copy of the subject agreements to the complaint, alleged whether the agreements were oral, written, or implied, or alleged the material terms in sufficient detail." The trial court also found that certain of plaintiff's claims, as pleaded, were barred by the statute of limitations and others were barred by the statute of frauds. Ivanoff was given leave to amend.

The first amended complaint filed by Ivanoff was nearly identical to the original complaint. As with the original complaint, it failed to attach any alleged agreement or

sufficiently describe any agreement. Defendants again filed a demurrer, and Ivanoff filed an opposition containing the same argument (and lack of argument) as her opposition to the original demurrer. This time, the trial court sustained the demurrer without leave to amend, noting, "The Court readily observes that the opposition fails to address about eighty percent of the issues raised (e.g., Statute of Limitations and Statute of Frauds), and fails to cite any governing law on point (e.g., tender, contract and injunction)."

## DISCUSSION

Ivanoff appealed from the order sustaining the demurrer without leave to amend. Such an order is not appealable. (*Zipperer v. County of Santa Clara* (2005) 133 Cal.App.4th 1013, 1019.) In the interest of judicial economy, however, we will treat the order as incorporating a judgment of dismissal and decide the appeal. (See *ibid.*)

An appealed judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to affirmatively demonstrate error. (*Ibid.*) This burden requires the appellant to support her contentions with reasoned argument and citation to authority; we do not provide an appellant's arguments for her. (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368; *Salas v. Department of Transportation* (2011) 198 Cal.App.4th 1058, 1074.) Nor do we give an appellant appearing in propria persona any special consideration. (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125 [in propria persona litigant "'is entitled to the same, but no greater, consideration than other litigants and attorneys'"].)

Ivanoff's opening brief (no reply brief was filed) is blatantly deficient. It contains no citations to the record. (See Cal. Rules of Court, rule 8.204(a)(1)(C) [briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].) It fails to cite relevant legal authority and contains essentially no factual or legal analysis. (See *Hill v. Affirmed Housing Group* (2014) 226 Cal.App.4th 1192, 1200; *Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1300 [omission of analysis and legal authority results in forfeiture of argument].) Moreover, the brief does not address nearly all of the grounds

3

for demurrer, including the grounds specifically relied on by the trial court.  Since Ivanoff has not demonstrated that the trial court erred, we are in no position to reverse its order.

We further find that leave to amend is not warranted.  Ivanoff bears the burden of demonstrating a reasonable possibly of curing the defects of her complaint by amendment.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)  In her opening brief, Ivanoff makes no attempt to explain how she could amend her complaint to sufficiently plead a viable claim.

## DISPOSITION

We deem the order sustaining defendants' demurrer without leave to amend to have incorporated a judgment of dismissal.  The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.

4