Filed 10/16/15  Stone v. Mitchell CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ROLAND STONE et al.,<br><br>　　　　Plaintiffs and Appellants,<br><br>v.<br><br>JOHN C. MITCHELL,<br><br>　　　　Defendant and Respondent. | A132335<br><br>(San Francisco County<br>Super. Ct. No. CGC08479284) |

This is the second time this case has been before us.  As we explained in the first appeal, *Stone v. Mitchell* (December 10, 2013, A131442 [nonpub. opn.] (*Stone I*)), "[p]laintiffs Roland and Jane Stone[1] bought an apartment building (the building or the property) from defendant John Mitchell, believing its 10 apartments could all be legally rented out.  They later learned that a larger unit had been divided into two without a building permit, and therefore only nine of the units were legally permitted.  They brought this action against Mitchell for breach of contract, negligence, and negligent misrepresentation.  On the negligence claim, the jury found in plaintiffs' favor, but also determined the Stones were 60 percent responsible for their injuries.  The jury found in Mitchell's favor on the other two claims."  The jury found plaintiffs had suffered damages of $111,400, and in the judgment, the trial court reduced this amount by

---

[1] We shall refer to Roland Stone as 'Stone,' and Roland and Jane Stone collectively as 'the Stones' or 'plaintiffs.'

1

60 percent to account for plaintiffs' comparative fault.[2] Both plaintiffs and Mitchell appealed, and in *Stone I*, we affirmed the judgment.

Plaintiffs brought a motion for contractual attorney fees, requesting approximately $212,800 in fees. The trial court awarded fees in the amount of $85,000. Plaintiffs have appealed that order. They contend the trial court improperly reduced their fees to account for their lack of success on two of their three causes of action and the jury's apportionment of fault on their successful claim. We shall affirm the order.

## I. BACKGROUND

The sales contract between Mitchell and the Stones included the following provision: "In any action, proceeding, or arbitration between Buyer and Seller arising out of this Agreement, the prevailing party shall be entitled to reasonable attorney fees and costs from the non-prevailing Buyer or Seller. . . ." Based on this provision, plaintiffs moved for attorney fees and submitted evidence they had incurred attorney fees of approximately $212,800.

In his opposition, Mitchell pointed out that plaintiffs were unsuccessful in their causes of action for contract and negligent misrepresentation and the jury found that plaintiffs were primarily responsible for their own losses; therefore, Mitchell argued, "Plaintiffs should be denied any award of attorney fees, and, at the least, should not be awarded more than one third (prevailing on one cause of action out of three) less sixty percent (60%) (the percentage the jury determined that Plaintiffs were contributorily negligent)." Similarly, at the hearing on the motion, Mitchell's counsel argued that the court should consider plaintiffs' lack of success on two of their three causes of action and limited success on the remaining claim and should award, at most, 40 percent of one-third of the attorney fees plaintiffs incurred.

The trial court awarded attorney fees of $85,000. It did not explain, either at the hearing on the motion or in its written order, how it arrived at this figure.

---

[2] The trial court also offset the judgment by $12,000 to reflect the amount of another defendant's settlement, for a net judgment against Mitchell of $32,560.

## II.  DISCUSSION

Plaintiffs point out that the amount of the attorney fee award ($85,000) is almost exactly 40 percent of the amount of fees they claimed ($212,800).  This reduction in the award, they assert, shows that the trial court reduced the attorney fee award to account for the facts that (1) they prevailed on only one of their three causes of action and (2) the jury found them 60 percent at fault as to that cause of action; in doing so, plaintiffs argue, the trial court erred.

For their argument, plaintiffs rely on the well-established rule that where a contractual attorney fee provision is broad enough to encompass causes of action that sound in tort, the prevailing party is entitled to attorney fees even if the only successful causes of action were tort, rather than contract, claims.  (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 608 [" '[P]arties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract.'  [Citation.]"]; *Maynard v. BTI Group, Inc.* (2013) 216 Cal.App.4th 984, 994 (*Maynard*); *Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1341.)  Moreover, as plaintiffs point out, *Maynard* instructs that "[if] the attorney fee provision is broad enough to encompass contract and noncontract claims, in awarding fees to the prevailing party it is unnecessary to apportion fees between those claims.  [Citation.]  . . . While prevailing on the contract is alone significant if the attorney fee provision limits fee entitlement to the party prevailing on the contract claim, it is not controlling if the provision authorizes fees to the party prevailing in the resolution of the entire controversy."  (*Maynard*, 216 Cal.App.4th at pp. 992–993.)  Mitchell does not dispute that the attorney fee provision in the sales agreement is broad enough to support an award of attorney fees even though the Stones prevailed only on their negligence cause of action.

Our Supreme Court has explained the standards we apply to a challenge to the amount of an attorney fee award.  Civil Code section 1717, which governs contractual attorney fees, "provides that '[r]easonable attorney's fees shall be fixed by the court.'  . . . [T]his requirement reflects the legislative purpose 'to establish uniform treatment of fee

3

recoveries in actions on contracts containing attorney fee provisions.' [Citation.] Consistent with that purpose, the trial court has broad authority to determine the amount of a reasonable fee. [Citations.] As we have explained: 'The "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong" '—meaning that it abused its discretion. [Citations.]" (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1094–1095 (*PLCM*).) Under this standard of review, "[f]ees approved by the trial court are presumed to be reasonable, and the objectors must show error in the award. [Citation.]" (*Consumer Privacy Cases* (2009) 175 Cal.App.4th 545, 556.) The court has " 'broad discretion to determine the amount of a reasonable fee, and the award of such fees is governed by equitable principles.' " (*Hill v. Affirmed Housing Group* (2014) 226 Cal.App.4th 1192, 1196.) "A court abuses its discretion only if there is no reasonable basis for its decision under the governing law and the reviewing court concludes that the court clearly erred. [Citation.]" (*Collins v. City of Los Angeles* (2012) 205 Cal.App.4th 140, 159.)

Our high court has also explained that, after the trial court has calculated the "lodestar" by multiplying the number of hours reasonably expended by the reasonable hourly rate, " 'it shall consider whether the total award so calculated under all of the circumstances of the case is more than a reasonable amount and, if so, shall reduce the [Civil Code] section 1717 award so that it is a reasonable figure.' [¶] . . . 'The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, *the success or failure*, and other circumstances in the case.' " (*PLCM*, *supra*, 22 Cal.4th at pp. 1095–1096, italics added.)

We first note that the trial court did not make detailed findings when it awarded attorney fees; nor did plaintiffs request them. " 'In California, the trial court has no sua sponte duty to make specific factual findings explaining its calculation of the fee award and the appellate courts will infer all findings exist to support the trial court's

4

determination. [Citations.] California courts have stated a disinclination to review the amount of an award when specific findings were not requested. [Citation.]' " (*Taylor v. Nabors Drilling USA, LP* (2014) 222 Cal.App.4th 1228, 1250.)

In any case, even assuming plaintiffs are correct that the trial court adjusted the award to reflect their incomplete success, they have not met their burden to show an abuse of discretion. In setting an award, the trial court is entitled to consider a number of factors. Among those factors is the prevailing party's "success or failure." (*PLCM*, *supra*, 22 Cal.4th at p. 1096.) Although plaintiffs prevailed in their negligence claim—the sole basis for the fee award—it cannot reasonably be denied that their success on that claim was only partial. The jury found that plaintiffs were 60 percent responsible for their own harm, and the trial court reduced the award of compensatory damages to reflect their comparative negligence. In the broad exercise of its discretion, the trial court could reasonably take this limited success into consideration in fixing the proper amount of attorney fees.[3]

### III.    DISPOSITION

The order awarding attorney fees is affirmed.

_____
Rivera, J.

We concur:

_____
Ruvolo, P.J.

_____
Reardon, J.

_____
[3] The amount of the award does not support plaintiffs' contention that the trial court reduced the fee award in proportion to the number of causes of action on which they prevailed.

5