Filed 9/9/16  Roshan, LLC v. Peltekci CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ROSHAN, LLC, | |
| Plaintiff and Respondent, | E064205 |
| v. | (Super.Ct.No. UDFS1406704) |
| SAIT PELTEKCI et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of San Bernardino County.  Lily L. Sinfield, Judge.  Reversed with directions.

Law Offices of Richard Pech and Richard Pech for Defendants and Appellants.

Chandler Law Firm, Robert C. Chandler, and Carla R. Kralovic for Plaintiff and Respondent.

Defendants Sait and Albert Peltekci are tenants who prevailed in an unlawful detainer action brought by their landlord, Roshan, LLC.  The Peltekcis appeal from the trial court's order awarding them attorney fees under Civil Code section 1717 totaling less than 15 percent of their actual expenses.  Despite the Peltekcis' submission of billing records detailing work their counsel performed over approximately six months of litigation, the trial court awarded fees for only four days of trial, three days of trial preparation, and two pretrial motions.

A fee award under Civil Code section 1717 calculated using the lodestar method should represent "a computation of time spent *on a case* and the reasonable value of that time."  (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 (*PLCM Group*), italics added.)  Because the record discloses the trial court considered only a portion of the hours counsel spent on the case, we conclude the trial court's application of the lodestar method was erroneous.  We therefore remand the matter for a new determination of the amount of attorney fees to be awarded to Peltekcis' counsel.

## I

## FACTUAL BACKGROUND

The Peltekcis rent space from Roshan, LLC in a commercial shopping center in Ontario and operate under the dba Ontario Jewelry Plaza.  Their commercial lease with Roshan, LLC provides in the event of "an action to enforce the [lease's] terms . . . the prevailing party in any such action, trial or appeal thereon, shall be entitled to his

2

reasonable attorneys' fees to be paid by the losing party as fixed by the court." Roshan, LLC initiated an unlawful detainer action against the Peltekcis in September 2014, seeking $336,432.06 in alleged unpaid rent for the period of February 2011 to July 2014. To represent them in the litigation, the Peltekcis hired the Law Offices of Richard Pech, a firm located in Santa Monica. After four months of pretrial proceedings—during which the Peltekcis' counsel, Richard Pech (partner) and Thang Le (associate), conducted discovery, filed a number of motions, including a successful motion to compel discovery resulting in sanctions, and attended a settlement conference—the case went to trial. The jury returned a verdict for the Peltekcis, finding they had not missed any rent payments and Roshan, LLC had suffered no damages.

Following judgment in their favor, the Peltekcis sought attorney fees under Civil Code section 1717 as the prevailing party under the lease agreement. They requested a total of $185,897 for 618.6 hours of attorney and paralegal time spent on the case from its inception, through discovery, pretrial motions, trial, and postjudgment work. In support of the requested fee, Mr. Pech filed a declaration in which he set forth his qualifications and experience, as well as that of Mr. Le and the paralegal and assistants who worked on the case. Mr. Pech described the work his firm performed in defending the action and attached detailed billing records. As explained in the declaration and documented in the billing records, Mr. Pech's trial team researched affirmative defenses and issues raised in the complaint, conducted discovery, which included deposing Roshan, LLC's main witness, successfully compelled discovery responses and obtained over $2,000 in

3

sanctions, moved for judgment on the pleadings on the ground the notice to pay rent or quit was defective, successfully moved to abate the action on the ground Roshan Properties, LLC was not a registered entity and therefore not authorized to sue (which resulted in Roshan, LLC filing an amended complaint), drafted a trial brief, prepared trial documents such as jury instructions and exhibit lists, pursued settlement options and attended a mandatory settlement conference, applied for and attended an ex parte hearing regarding entry of judgment, and prepared a memorandum of costs and motion for attorney fees. The Peltekcis filed their fees motion with Judge Lily Sinfield, who presided over pretrial proceedings before transferring the case to Judge Donna Garza for trial.

Roshan, LLC filed an opposition arguing it was not liable for attorney fees as a non-party to the lease and that the requested fees were excessive and unreasonable. Roshan, LLC did not specify which fees it viewed as unreasonable. Instead, it claimed $18,000 would be a reasonable fee "for the law and motion practice, four-day jury trial, and other claimed charges."

After a hearing on the motion, the court took the matter under submission and issued a statement of decision. At the outset of the decision, the court noted that the Peltekcis had filed their motion in the law and motion court (Judge Sinfield) as opposed to the trial court (Judge Garza) and that neither party had objected to the former hearing the motion. The court also rejected Roshan, LLC's argument it was not liable for attorney fees.

4

As to the amount of the award, the court stated it had reviewed the Peltekcis' moving papers and attachments and found the requested fee "excessive and unreasonable." The court cited three instances of unreasonable fees. First, it found excessive 25.8 hours of travel, preparation, and trial time for the first day of trial because only Mr. Pech had appeared in court.[1] Second, it found excessive the 9.7 hours a legal assistant had billed on the fourth day of trial for travel and trial assistance, which included running the PowerPoint presentation for closing argument. Third, it found the approximately one hour Mr. Le spent preparing a subpoena duces tecum to be duplicative of the approximately one hour a legal assistant spent on the same document: "The court finds unpersuasive that two different individuals and two hours were required to prepare a [subpoena duces tecum]." Finally, the court found the Peltekcis had not demonstrated it was necessary to hire a Santa Monica firm as opposed to a local, Inland Empire firm with lower billing rates. The court selected $300 as a reasonable billing rate for a local unlawful detainer attorney.

The court concluded the Peltekcis were entitled to a total of $23,800 in fees. It explained how it reached this amount using the lodestar method: "[T]he court considered the minutes which reflected a four (4) day trial commencing around 10:00 a.m. each trial day and concluding around 4:00 p.m.—six (6) hours of trial work. The court also added

---

[1] The statement of decision refers to *December* 3, 2015 as the first day of trial, and on appeal the Peltekcis cite this date as an example of error in the court's analysis; however, we conclude the error was simply typographic and the court intended to refer to *February* 3, 2015.

ten (10) hours of trial preparation days for three days and three (3) hours per day of travel time for four (4) days. The court multiplied those total hours of 66 to $300 per hour for the local unlawful detainer attorney rate. The total sum from these calculations is $19,800 . . . The [Peltekcis] prevailed on the Motion to Compel in October 2014, and the Motion to Abate in December 2015 [sic] . . . The court awards an additional $2,000.00 per prevailing motion to the award for attorney fees. Thus, the court awards to the [Peltekcis] $23,800 in attorney fees as the prevailing party." To summarize, the court allocated 36 hours for the trial and 30 hours for trial preparation for a total of 66 hours, and added to that total $4,000 for two successful motions.

As support for this reduced figure, the court cited *Save Our Uniquely Rural Community Environment v. County of San Bernardino* (2015) 235 Cal.App.4th 1179 (*SOURCE*), a case where this court affirmed an 80 percent reduction in attorney fees. (*Id.* at p. 1189.) Analogizing to that case, the court reasoned a reduction of the Peltekcis' requested amount was appropriate because the unlawful detainer action was a relatively short and simple case and because they had hired expensive, non-local counsel without justification.

The Peltekcis timely appealed.

6

## II

## DISCUSSION

A.  *The Fee Award Was Not Designed to Fully Compensate Counsel*

The Peltekcis argue the trial court erred in awarding fees for only four days of trial, three days of trial prep, and two pretrial motions and disregarding the rest of the time their counsel spent litigating the case.  The Peltekcis' argument is well taken.  While a trial court has broad discretion to determine a reasonable fee for the hours the prevailing party expended on a case, the fee must fully compensate the party, meaning the court cannot award fees for only a portion of the case unless it finds the other portion unreasonable and thus not compensable.

We review a fee award for abuse of discretion.  (*PLCM Group*, *supra*, 22 Cal.4th at p. 1095.)  As an initial matter, the Peltekcis argue we should afford less discretion to the court's order because the judge who issued it did not preside over the trial.  There is some authority for the proposition that a reviewing court may apply a less deferential standard of review to a fee order issued by a judge other than the one who presided over the merits of the litigation.  (*Center for Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603, 616 (*Center for Biological Diversity*) ["when, as here, the fee order under review was rendered by a judge other than the trial judge, we may exercise ' "somewhat more latitude in determining whether there has been an abuse of discretion than would be true in the usual case" ' "].)  However, Judge Sinfield presided over the case for several months before transferring it to Judge Garza for trial and thus is

7

familiar with the issues of this case and counsel's performance. In any event, we need not decide whether to modify our standard of review because the court's application of the lodestar method was erroneous under either abuse of discretion standard.

When attorney fees are authorized by contract, Civil Code section 1717, subdivision (a) provides, "the prevailing party . . . shall be entitled to reasonable attorney's fees." The trial court must fix a reasonable fee award, and it has broad discretion in determining the amount. (Civ. Code, § 1717; *PLCM Group*, *supra*, 22 Cal.4th at p. 1096.) "The court must determine the number of hours reasonably expended *on the case* and a reasonable hourly rate for the work." (*Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 249, italics added, citing *PLCM Group*, at p. 1095.) The hours "reasonably spent" includes "those necessary to establish and defend the fee claim." (*Serrano v. Unruh* (1982) 32 Cal.3d 621, 639.)

In this case, the court used the widely-accepted lodestar method to determine the fee award.[2] Under the lodestar method, a court must first determine the actual hours counsel has spent on the case, subtract any hours it finds inefficient or unreasonable, and multiply that amount by a reasonable billing rate. (*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 697; *Horsford v. Board of Trustees of California State*

---

[2] The Peltekcis contend the court's predominate error was a failure to use the lodestar method, which they argue is mandatory. The lodestar method is not mandatory. (*PLCM Group*, *supra*, 22 Cal.4th at p. 1097 [the lodestar method is "presumably reasonable" but "the trial court is not precluded from using other methodologies"].) In any event, it is evident from the statement of decision that the trial court did use the lodestar method.

*University* (2005) 132 Cal.App.4th 359, 395, (*Horsford*) ["[T]he court's discretion in awarding attorney fees is . . . to be exercised so as to fully compensate counsel for the prevailing party for services reasonably provided to his or her client"].)  The court has discretion to adjust the product of this calculation upward or downward "based on consideration of factors specific to the case," such as the complexity of the litigation, counsel's skill, and the amount of money involved, "in order to fix the fee at the fair market value for the legal services provided." (*PLCM Group*, *supra*, 22 Cal.4th at p. 1095.)

A court abuses its broad discretion if it "applie[s] 'the wrong test' or standard" in setting the fee.  (*Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 92 (*Gorman*) [reversing fee award because appellate court could discern no rational basis for the court's downward adjustment of the lodestar amount].)  A court incorrectly applies the lodestar method when it fails to fully compensate counsel for "services provided" on the case.  (*Horsford*, *supra*, 132 Cal.App.4th at pp. 395-396.)  "The basis for the trial court's calculation must be the *actual hours* counsel has devoted to the case, *less* those that result from inefficient or duplicative use of time." (*Id.* at p. 395, italics added.)

Several cases illustrate this point.  In *Horsford*, the appellate court reversed the fee award because it did not appear, "from a review of the record of the fee award hearings, that the trial court undertook its review of the fee issue with a focus on providing an award of attorney fees reasonably designed to fully compensate plaintiffs' attorneys for the services provided." (*Horsford*, *supra*, 132 Cal.App.4th at p. 395.)  The appellate

9

court held the trial court erred in "completely disregarding" the billing records and failing to "use [those] records as the starting point for its lodestar determination." (*Id.* at p. 397.) The appellate court explained that "verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous." (*Id.* at p. 396.)

In *Hadley v. Krepel* (1985) 167 Cal.App.3d 677, the prevailing party requested $15,647 in fees and the court awarded $3,000. (*Id.* at p. 681.) The appellate court found the award bore "no rational relationship to the actual fees incurred" based on its observation that, "[o]f the 80 hours [counsel] and his associate expended on the matter, almost 35 hours were devoted to trial preparation, drafting the trial brief, trailing and attendance at trial" and that "[t]his time *alone* accounted for more than $4,000 in fees." (*Id.* at p. 686.)

In *Center for Biological Diversity*, the fee award excluded over 55 percent of the hours counsel claimed to have spent litigating the appeal. (*Center for Biological Diversity*, *supra*, 188 Cal.App.4th at p. 620.) The appellate court concluded it was error to set a rate that did not "fully compensate" (*id.* at p. 623) counsel for the services provided, stating, " 'California courts have consistently held that a computation of *time spent on a case* and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award.' " (*Id.* at p. 616, italics added, quoting *PLCM Group*, *supra*, 22 Cal.4th at p. 1095.) The appellate court explained that, on remand, "a reduction of some of the claimed hours for the appeal . . . may be justified on the ground

10

of duplication," but the starting point must be full compensation. (*Center for Biological Diversity*, at p. 622.)

The court's fee award in this case suffers from the same defect—it fails to take into account all hours reasonably spent on the litigation. While it is true we "indulge all intendments and presumptions to support the trial court's order," we are required to do so only on "matters as to which the record is silent."[3] (*Hill v. Affirmed Housing Group* (2014) 226 Cal.App.4th 1192, 1196 (*Hill*).) Where the record clearly discloses the trial court has made a mistake of law, we must reverse. Here, the trial court explicitly stated it awarded fees for only four days of trial, three days of trial preparation, and two pretrial motions, despite the fact the billing records demonstrate Mr. Pech's firm spent time litigating the case in the months leading up to trial (developing case strategy, conducting discovery, filing various motions, pursuing settlement) and in the weeks after trial (obtaining entry of judgment and moving for attorney fees). The record also demonstrates the parties attended five days of trial. The parties gave closing argument on the fourth day, but they appeared in court the following day for jury questions and the

---

[3] We note a silent record does not shield a trial court's fee award from reversal in every instance. When the appellate court can hypothesize no rational reason for the award from a silent record, the award must be reversed. (E.g., *Gorman*, *supra*, 178 Cal.App.4th at p. 101 [reversing award on a silent record, stating "after much puzzlement and frustration, we have been unable to surmise any mathematical or logical explanation for the trial court's award. . . . Instead, the number appears to have been snatched whimsically from thin air. It is the essence of arbitrariness to make an award of attorney fees that cannot be justified by the plaintiffs' request, the supporting bills, or the defendant's opposition"].)

11

verdict. The court's failure to consider the fifth day of trial as well as the pretrial and posttrial work was error.

*SOURCE*, *supra*, which the trial court relied on in reducing the fee from $185,897 to $23,800 does not support that type of reduction here. In *SOURCE*, the prevailing party requested $110,599, with a multiplier of two, for a total of $221,198. (*SOURCE*, *supra*, 235 Cal.App.4th at p. 1183.) The trial court found the requested amount " 'outrageous,' " concluded a multiplier was not warranted, and reduced the fee to $19,176. (*Ibid.*) Although the trial court did not explain how it had arrived at this amount, the record supported "reasons for reducing the fees that the court might legitimately have relied upon, even if it did not state them explicitly." (*Id.* at p. 1185.) The appellate court concluded it was obliged to presume the award was reasonable unless it was "convinced" the award was "clearly wrong." (*Id.* at p. 1186.) In this case, we cannot escape the conclusion the court's award was clearly wrong because the court made clear it was compensating counsel only for two motions and 66 hours of trial and trial preparation out of the 618.6 hours documented in the billing records.

We are not suggesting that on remand the trial court should "become enmeshed in a meticulous analysis of every detailed facet of the professional representation." (*PLCM Group*, *supra*, 22 Cal.4th at p. 1098.) Rather, the court should determine the number of hours counsel reasonably spent on the entire litigation—not just during trial and not just on motions that were successful—and multiply that number by a reasonable rate. In conducting this analysis the court is free to disregard hours it finds to be excessive or

12

duplicative. A prevailing party is not "automatically entitled" to all hours claimed in the fee request. (*Rey v. Madera Unified School Dist.* (2012) 203 Cal.App.4th 1223, 1243.) In reviewing the hours the Peltekcis' counsel spent on the litigation, the trial court may determine that some were not reasonably spent. "[T]rial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." (*Gorman*, *supra*, 178 Cal.App.4th at p. 64, citing *Serrano v. Priest* (1977) 20 Cal.3d 25, 48.)

Putting aside the error regarding the number of compensable hours, the trial court did not err in using $300 as a reasonable billing rate. The Peltekcis do not challenge that rate on appeal and they did not justify the higher rate in their motion. "[T]he party seeking the fee award has the burden to prove that it was justified in paying higher rates to attorneys from outside the local market." (*SOURCE*, *supra*, 235 Cal.App.4th at p. 1187.) A trial court "may make its own determination of the value of the services" as "[t]he value of legal services performed in a case is a matter in which the trial court has its own expertise." (*PLCM Group*, *supra*, 22 Cal.4th at p. 1096.)

B.    *Roshan LLC's Corporate Status*

The Peltekcis contend the trial court erred in failing to treat their motion for fees as uncontested because Roshan, LLC was suspended by the California Secretary of State when it opposed the motion and, as such, was prohibited from litigating the issue. Even if Roshan, LLC were suspended at that time, a court is not required to accept an uncontested fee request. Civil Code section 1717 directs *the court* to determine a

13

reasonable fee award. (*Gorman*, *supra*, 178 Cal.App.4th at pp. 91-92 [Code Civ. Proc., § 1021 provides that compensation for attorney fees is left to the agreement of the parties unless a statute provides otherwise and Civ. Code, § 1717 provides that fees authorized by contract shall be "fixed by the court"].)

C.     *Attorney Fees on Appeal*

The Peltekcis seek attorney fees incurred in the current appeal. As the prevailing party on appeal, their lease and Civil Code section 1717 entitle them to such fees. (*Hill*, *supra*, 226 Cal.App.4th at p. 1199.) " 'Although this court has the power to fix attorney fees on appeal, the better practice is to have the trial court determine such fees.' [Citation.]" (*Center for Biological Diversity*, *supra*, 188 Cal.App.4th at p. 624.)

### III

### DISPOSITION

The order for attorney fees is reversed. We remand the matter to the trial court to determine—in addition to the fees it already awarded—the reasonable value of the Peltekcis' pretrial and posttrial attorney fees and costs, including those pertaining to this appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
                                                                    J.

We concur:

14

HOLLENHORST
    Acting P. J.


MILLER
      J.